## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

LEE BROWN                                                        CIVIL ACTION

VERSUS                                                          NO.  15-865

BURL CAIN                                                       SECTION "I"(2)

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  See 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.     <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

The petitioner, Lee Brown, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  May 11, 2007, Brown and three co-defendants, George Brown, Charles Dexter Martin and Ronnie Allen, were indicted for second degree murder by a Tangipahoa Parish grand jury.[3]  The Louisiana First Circuit Court of Appeal summarized the facts determined at trial as follows:

> On March 10, 2007, the Tangipahoa Parish Sheriff's Office received a call indicating that a body had been observed floating in the Manchac Canal. The body was later identified to be that of Clarence Nicholes of Ponchatoula, Louisiana.  An autopsy later revealed that Nicholes died as a result of drowning associated with multiple blunt-force injuries to the head.  A homicide investigation was launched.
> In response to information received during the homicide investigation, the defendant and three codefendants were charged with the victim's murder. The defendant provided a taped statement wherein he admitted his involvement in the events that led to the victim's death.  The defendant explained to police how he and two of the codefendants brutally beat the victim after they observed him leaving a residence that the group believed he had broken into.  The defendant stated that the attack began with codefendant Ronnie Allen striking the victim with a gun, causing him to lose consciousness and fall onto the ground.  Allen then repeatedly struck the unconscious victim and demanded that the defendant and the others "do something."  In response, the defendant stomped the victim not "more than four (4) or five (5)" times as he lay on the ground.  Codefendant Charles Martin took the gun from Allen and started hitting the victim in the head with it.
> Next, Allen and Martin loaded the victim's unconscious body into his vehicle, which was located nearby, and drove over to the Manchac Canal. When the men opened the trunk, the victim, having regained consciousness, asked the men why they were beating him.  Martin started beating the victim

---

[2]Rec. Doc. No. 7.

[3]St. Rec. Vol. 2 of 6, Indictment, 10/31/02.

again.  Allen and Martin eventually removed the victim's body from the trunk and Allen kicked him into the canal.

The defendant claimed his participation in the incident was motivated by his fear of Allen.  He claimed he only participated because Allen was armed with a weapon and implied that he would use it if the defendant and/or the others failed to comply with his demands.

State v. Brown, 56 So.3d 462 (La. App. 5th Cir. 2010) (Table); State v. Brown, No. 2010-KA-0635, 2010 WL 4272850, at *1 (La. App. 1st Cir. Oct. 29, 2010); State Record Volume 6 of 7, Louisiana First Circuit Opinion, 2010-KA-0635, pages 2-3, October 29, 2010.

After the proceedings against his co-defendants were severed, Brown was tried before a jury on December 1 through 3, 2009, and was found guilty as charged.[4]  The state trial court denied Brown's motions for a new trial and judgment of acquittal on January 12, 2010.[5]  The court then sentenced Brown to serve life in prison at hard labor without benefit of parole, probation or suspension of sentence.[6]

---

[4]St. Rec. Vol. 1 of 7, Trial Minutes, 12/1/09; Trial Minutes, 12/2/09; Trial Minutes, 12/3/09; Minute Entry (severance granted), 10/31/07; St. Rec. Vol. 2 of 7, Verdict Form, 12/3/09; Voir Dire Transcript, 12/1/09; St. Rec. Vol. 3 of 7, Voir Dire Transcript (continued), 12/1/09; St. Rec. Vol. 4 of 7, Trial Transcript, 12/2/09; St. Rec. Vol. 5 of 7, Trial Transcript, 12/3/09.

[5]St. Rec. Vol. 1 of 7, Sentencing Minutes, 1/12/10; St. Rec. Vol. 2 of 7, Motion for New Trial, 12/16/10; Motion for Judgment of Acquittal, 12/16/09; St. Rec. Vol. 5 of 7, Sentencing Transcript, pp. 3, 8, 1/12/10.

[6]St. Rec. Vol. 1 of 7, Sentencing Minutes, 1/12/10; St. Rec. Vol. 5 of 7, Sentencing Transcript, pp. 14-15, 1/12/10.

On direct appeal to the Louisiana First Circuit, Brown's appointed counsel asserted two errors:[7] (1) The state trial court erred when it did not require the State to give a race neutral reason for its peremptory challenge of a potential juror after the defense made a Batson challenge based on the State's systematic exclusion of black jurors. (2) The state trial court erred when it sustained the State's objection to the introduction of a co-defendant's criminal history report.   The court affirmed the conviction and sentence on October 29, 2010, finding no merit in the claims.[8]

The Louisiana Supreme Court denied Brown's subsequent writ application without stated reasons on April 1, 2011.[9]  His conviction became final ninety (90) days later, on June 30, 2011, when he did not file a writ application with the United States Supreme Court.  Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999) (period for filing for certiorari with the United States Supreme Court is considered in the finality determination under 28 U.S.C. § 2244(d)(1)(A)), cert. denied, 529 U.S. 1099 (2000); U.S. Sup. Ct. Rule 13(1).

Eight months later, on April 2, 2012, Brown through counsel filed an application for post-conviction relief with the state trial court in which he asserted the following

---

[7]St. Rec. Vol. 6 of 7, Appeal Brief, 2010-KA-0635, 5/4/10.

[8]Brown, 56 So.3d at 462; Brown, 2010 WL 4272850, at *1; St. Rec. Vol. 6 of 7, 1st Cir. Opinion, 2010-KA-0635, 10/29/10.

[9]State v. Brown, 60 So.3d 1249 (La. 2011); St. Rec. Vol. 6 of 7, La. S. Ct. Order, 2010-KO-2577, 4/1/11; St. Rec. Vol. 7 of 7, La. S. Ct. Writ Application, 10-KO-2577, 11/18/10 (dated 11/15/10).

grounds for relief:[10] (1) Trial counsel was ineffective for failure to object to other crimes evidence and properly cross-examine witnesses. (2) The State withheld critical impeachment evidence of the State's key witnesses. (3) Trial counsel's failure to cross-examine multiple State witnesses circumvented Brown's right to confront the witnesses against him.

At an evidentiary hearing held on July 23, 2013, Brown's counsel conceded that there was no evidence to support the second claim that the State withheld evidence and that claim was abandoned.[11]  After receiving testimony and argument on the ineffective assistance of counsel claims, the state trial court denied relief finding no merit in the claims under Strickland v. Washington, 466 U.S. 668 (1984).[12]

Through counsel, Brown sought review of the denial of relief on the ineffective assistance of counsel claims, and the Louisiana First Circuit denied the writ application on December 20, 2013, without stated reasons.[13]  The Louisiana Supreme Court denied

---

[10]St. Rec. Vol. 6 of 7, Application for Post-Conviction Relief, 4/2/12.

[11]St. Rec. Vol. 6 of 7, Hearing Transcript, p. 1, 7/23/13.

[12]St. Rec. Vol. 6 of 7, Hearing Transcript, pp. 20-22, 7/23/13.

[13]St. Rec. Vol. 6 of 7, 1st Cir. Order, 2013-KW-1458, 12/20/13; Copy of 1st Cir. Writ Application, dated 8/21/13.

Brown's counsel-filed writ application addressing only the ineffective assistance of counsel claims on November 21, 2014, without stated reasons.[14]

## II.   FEDERAL HABEAS PETITION

On May 4, 2015, the clerk of court filed Brown's petition for federal habeas corpus relief in which he asserts the following grounds for relief: (1) The state trial court erred when it did not require the State to give a race neutral reason for its peremptory challenge to a potential juror after the defense made a Batson challenge based on the State's systematic exclusion of black jurors. (2) The state trial court erred when it sustained the State's objection to the introduction of a co-defendant's criminal history report. (3) Trial counsel was ineffective for failure to object to other crimes evidence and failure properly to cross-examine the State's witness. (4) The State withheld critical impeachment evidence of the State's key witnesses. (5) Trial counsel's failure to cross-examine the State's witnesses circumvented Brown's right to confront witnesses against him.

The State filed a response in opposition to Brown's federal petition asserting that his petition was not timely filed, but stating that it appeared that Brown had exhausted state court review and no claim was in procedural default.[15]

---

[14]State v. Brown, 152 So.3d 890 (La. 2014); St. Rec. Vol. 6 of 7, La. S. Ct. Writ Application, 14-KP-108, 1/14/14.

[15]Rec. Doc. No. 15.

6

III.    GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L.

No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation,

including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[16] and

applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198

(5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).    The AEDPA therefore

applies to Brown's petition, which, for reasons discussed below, is deemed filed in this

court on March 16, 2015.[17]  The threshold questions in habeas review under the amended

statute are whether the petition is timely and whether petitioner's claims were adjudicated

on the merits in state court; i.e., the petitioner must have exhausted state court remedies

and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409,

419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[16]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[17]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995). The official stamp from the prison's Legal Programs Department reflects that Brown delivered his original petition (deemed deficient in form at the time of filing) to prison officials on March 16, 2015, the same day it was e-mailed to the clerk of this court for filing. Rec. Doc. No. 1, p. 27; Rec. Doc. No. 7-1, p. 27. The fact that Brown later paid the filing fee does not alter the application of the federal mailbox rule to his pro se petition. See Cousin v. Lensing, 310 F.3d 843, 847 (5th Cir. 2002).

As noted above, the State indicated that it appears that Brown exhausted review of his claims and no claims are in procedural default.  While the latter is true, the record clearly reflects that Brown's state post-conviction counsel abandoned review of the Brady claim, and that claim was <u>not</u> raised in the subsequent post-conviction writ applications to the Louisiana First Circuit or the Louisiana Supreme Court.  Nevertheless, the State also argues that Brown's federal petition is not timely filed.  The record before this court confirms that Brown's federal petition was <u>not</u> timely filed and must be dismissed for that reason.

## IV.    <u>STATUTE OF LIMITATIONS</u>

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[18]  <u>Duncan v. Walker</u>, 533 U.S.

---

[18]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

167, 179-80 (2001).  Brown's conviction became final on June 30, 2011, which was ninety (90) days after the Louisiana Supreme Court completed review of his direct appeal, and he did not seek United States Supreme Court review. Under a literal application of Section 2244, Brown had one year from finality of his conviction, or until June 29, 2012, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999), cert. denied, 531 U.S. 1164 (2001); Cantu-Tzin v. Johnson, 162 F.3d 295, 299 (5th Cir. 1998); Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998), cert. denied, 526 U.S. 1074 (1999). Equitable tolling is warranted only in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  Pace, 544 U.S. at 418-19; Cousin v. Lensing, 310 F.3d 843, 848 (5th Cir. 2002).

Brown has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be

considered equitably tolled in his case. The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  See Holland v. Florida, 560 U.S. 631, 651-54 (2010) (equitable tolling would be warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); Hardy v. Quarterman, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); United States v. Wynn, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not support equitable tolling."); Fisher, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); Cantu-Tzin, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); Davis, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was

warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).  By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings.  <u>Flanagan</u>, 154 F.3d at 199 n.1.  The Supreme Court has clearly described this provision as a tolling statute.  <u>Duncan</u>, 533 U.S. at 175-178.

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period.  Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

11

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926, at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000).   The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas

petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005).

The one-year AEDPA statute of limitations period began to run on July 1, 2011, the day after Brown's a conviction became final under federal law. The one-year filing period continued to run for 276 days, from July 1, 2011, until April 2, 2012, when Brown's counsel filed the state application for post-conviction relief in the state trial court. The AEDPA statute of limitations remained interrupted during the pendency of those proceedings through November 21, 2014, when the Louisiana Supreme Court denied the related writ application.

The AEDPA one-year statute of limitations period began to run again the next day, November 22, 2014, for an additional 89 days until February 18, 2015, when it expired. Brown had no properly filed state court application for post-conviction relief or other collateral review of any kind pending in any state court during that period of time.

13

Brown's federal petition is deemed filed in this court on March 16, 2015, which was almost one month after the AEDPA's one-year statute of limitations expired on February 18, 2015, and is therefore not timely filed.  Lookingbill v. Cockrell, 293 F.3d 256, 265 (5th Cir. 2002) (missing the AEDPA limitations deadline by even a few days nevertheless renders a federal petition untimely).  Brown's federal petition must be dismissed with prejudice for that reason.[19]

## RECOMMENDATION

For the foregoing reasons, it is **RECOMMENDED** that Brown's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

---

[19]Should the issue be raised by Brown, the United States Supreme Court decision in Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309 (2012), is not relevant to the timeliness of this federal petition.  In Martinez, the Supreme Court held that a procedural bar imposed by state courts "'will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the [state's] initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.'"  Trevino v. Thaler, __ U.S. __, 133 S. Ct. 1911, 1912 (2013) (quoting Martinez, 132 S. Ct. at 1320).  Brown, however, was represented by counsel when he first raised ineffective assistance of counsel on state post-conviction review and his claims were addressed by the state courts on the merits under Strickland and not procedurally barred.  He does not fit the narrow exception addressed in those cases.

In addition, the Martinez and Trevino decisions do not address or provide an excuse for the untimely filing of a federal habeas petition.  See Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir. 2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period in § 2254 cases or any potential tolling of that period."); Smith v. Rogers, No. 14-0482, 2014 WL 2972884, at * 1 (W.D. La. Jul. 2, 2014); Falls v. Cain, No. 13-5091, 2014 WL 2702380, at *3 (E.D. La. Jun.13, 2014) (Order adopting Report and Recommendation).  Martinez and Trevino also do not constitute new rules of constitutional law made retroactive on collateral review to start a new one-year statute of limitations period under the AEDPA.  See In re Paredes, 587 F. App'x 805, 813 (5th Cir. Oct. 25, 2014) ("... the Supreme Court has not made either Martinez or Trevino retroactive to cases on collateral review, within the meaning of 28 U.S.C. § 2244.");  Adams v. Thaler, 679 F.3d 312, 322 n.6 (5th Cir. 2012).  Brown can not overcome the AEDPA's limitations period, and Martinez and Trevino would not provide any equitable or statutory relief from his untimely filing under the AEDPA.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[20]

New Orleans, Louisiana, this _____31st_____ day of August, 2015.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[20]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.